PER CURIAM. Exceptions were filed in each case to certain findings of fact stated to have been made by the justice on the 17th day of January, 1898. Neither of the returns contains such findings or decision. If made, they should be annexed to the return, and if not made then the record should be amended by inserting a statement to that effect. The appellant claims that the justice adjourned the trial of these causes from the 13th to the 15th day of October, 1897, without good cause shown, at the request of the defendant, and against plaintiff's objection, and that in consequence thereof the justice's jurisdiction over it was lost. The return in action No. 1 shows that issue therein was joined on the 2d day of July, 1897, and that the cause "was thereupon adjourned until the 30th day of July, 1897, at 9 o'clock in the forenoon, and from time to time again until the 14th day of January, 1898," when the action was tried. The return in action No. 2 shows that issue therein was joined on the 9th day of July, 1897, and that the cause "was thereupon adjourned until 15th day of October, 1897, at 9 o'clock in the forenoon, and from time to time again, until the 14th day of January, 1898," when the case was tried. It will be observed that the returns fail to specify the date of the adjournments and at whose instance they were had. Therefore such returns should be amended by having inserted therein the specific adjournments, and, if opposed, by whom. If any papers were filed on applications for postponement, the justice should annex the same, or copies thereof, to the return.

For these reasons a reargument must be ordered, the return to be amended meanwhile.

---

LEVENE et al. v. LASCAROPULOS et al.

(Supreme Court, Appellate Term.   April 27, 1898.)

APPEAL—REVIEW—QUESTION OF FACT.

Where the sole question involved in an appeal to the appellate term of the supreme court is one of fact, that court will not interfere with the determination of the trial justice, unless his decision is so palpably against the weight of evidence that it would be a denial of justice to allow it to stand.

Appeal from Second district court.

Action by Joseph Levene and Harry Levene against Laskar Lascaropulos and George Weinberg. From a judgment in favor of defendants, plaintiffs appeal. Reversed as to Weinberg.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Abraham B. Schleimer, for appellants.

BEEKMAN, P. J. The sole question involved in this appeal is one of fact, and it is well settled that this court, in such a case, will not interfere with the determination of the trial justice, unless his decision is so palpably against the weight of evidence that it would be a denial of justice to allow it to stand. Whether or

not the appellant was a bona fide holder of the note in question
depended upon the credibility of witnesses, which it was peculiarly
within the province of the justice below to determine. In doing so
he had the advantage, which we do not possess, of observing the
manner in which their testimony was given, and their demeanor
on the witness stand. We are therefore not inclined to disturb
the judgment in favor of the defendant Lascaropulos, the maker of
the note in suit, dismissing the complaint as to him. It is differ-
ent, however, with the defendant Weinberg, the indorser, who in-
terposed no defense to the action, but seems, when examined as a
witness, to have admitted his liability on the note.

The judgment is therefore reversed as to the defendant Wein-
berg, and a new trial ordered, with costs to the appellant to abide
the event, and affirmed as to the defendant Lascaropulos, with costs.
All concur.